UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NORTH POINT MEDICAL
CENTER, P.C., et al.

         Plaintiffs,                      Civil Action No.
                                                   06-CV-13118-DT

v.

                                                   HON. BERNARD A. FRIEDMAN

UNITED STATES OF AMERICA,

         Defendant.
_____/

## OPINION AND ORDER
## GRANTING DEFENDANT'S MOTION TO DISMISS

      This matter is presently before the Court on a motion to dismiss for lack of subject matter jurisdiction. Plaintiff has not responded. Pursuant to E.D. Mich. LR 7.1(e)(2), the Court shall decide this motion without oral argument.

      On January 19, 2006, the government served plaintiff with a Notice of Intent to Levy and of Your Right to a Hearing. This notice was issued for delinquent taxes for tax periods ending on December 31, 2002, and March 31, 2004. The total amount of the levy is approximately $68,000. On February 6, 2006, plaintiff filed a timely request for a hearing. A Collection Due Process hearing was set for April 20, 2006.

      On April 18, 2006, plaintiff's counsel requested a postponement from the Appeals Settlement Officer and that request was granted. Plaintiff indicated that he needed additional time to prepare the necessary documentation. The new hearing date was set for May 3, 2006. On May 3, 2006, plaintiff contacted the Appeals Settlement Officer and indicated that he had been having difficulties preparing the delinquent returns and was not prepared for the hearing.

The Appeals Settlement Officer denied the request for additional time and plaintiff failed to appear at the hearing.

On June 7, 2006, the Appeals Office issued a Notice of Determination regarding the levy. Plaintiff has filed the instant complaint in response to this notice, pursuant to 26 U.S.C. § 6330(d). The complaint raises eight issues, none of which were addressed at the Collection Due Process hearing because plaintiff did not appear.[1] The government now argues that due to plaintiff's failure to appear at the Collection Due Process hearing, he has failed to preserve any issues for this Court to hear, and therefore the Court lacks subject matter jurisdiction.

The applicable regulations state that "[i]n seeking Tax Court or district court review of Appeals' Notice of Determination, the taxpayer can only ask the court to consider an issue that was raised in the taxpayer's CDP hearing." 26 C.F.R. § 301.6330-1(f)(2), Q/A-F5. Although a taxpayer does have the right to judicial review under 26 U.S.C. § 6330(d), "[j]udicial review generally is not available when a taxpayer fails to exhaust the administrative remedies available to him." Abu-Awad v. United States, 294 F.Supp.2d 879, 887 (S.D. Tex. 2003). Further, "if the taxpayer does not adequately raise an issue at the administrative level, the courts have no jurisdiction to consider the issue in a later suit." True v. United States, 190 F.3d 1165, 1171 (10th Cir. 1999). Therefore, due to plaintiff's failure to appear at the rescheduled Collection Due Process hearing, there are no issues for this Court to address. Accordingly,

---

[1] These eight issues are: (1) plaintiff was denied consideration of a payment plan; (2) plaintiff would have violated 18 U.S.C. § 286 and § 287 if the incomplete returns had been filed by the hearing date; (3) no tax is due on the returns in question; (4) extensive internal reconstruction of the financial records is required (due to the destruction of records by the former corporate treasurer and accountant); (5) plaintiff has been acting in good faith to resolve the issues; (6) the former corporate treasurer and accountant withheld from the plaintiff information regarding the returns in question; (7) the former corporate treasurer and accountant did not pay withholding taxes on the officer's salary when corporate monies were low and concealed the fact by not filing returns for those quarters; and (8) the government did not fulfill its fiduciary duty by informing plaintiff of the problem until three and a half years after the returns in question were due.

IT IS SO ORDERED that defendant's motion to dismiss is granted.

_____
BERNARD A. FRIEDMAN
CHIEF UNITED STATES DISTRICT JUDGE

Dated:  NOV 20 2006

Detroit, Michigan

I hereby certify that a copy of the foregoing document was served this date upon counsel of record electronically and/or via first-class mail.

_____
Patricia Foster Hommel
Secretary to Chief Judge Friedman